## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BRIAN FRENCH, DAVID
FRENCH, JEANNA FRENCH,
PAULA FRENCH VAN AKKEREN,

          **Plaintiffs,**

v.                                      **Case No. 06-C-869**

WACHOVIA BANK, NATIONAL
ASSOCIATION,

          **Defendant.**

---

## DECISION AND ORDER

---

Brian French, David French, Jeanna French, and Paula French Van Akkeren

(collectively the "Plaintiffs") commenced this action against Wachovia Bank, National

Association ("Wachovia Bank") in the Circuit Court of Sheboyban County. On August 14,

2006, Wachovia Bank filed a Notice of Removal. Wachovia Bank now moves to compel

arbitration and stay this proceeding.

According to the Complaint, James French established the James French Irrevocable

Trust of 1991 Nos. 1 and 2 (collectively the "French Trust"). The Plaintiffs are the sole

beneficiaries of the French Trust, and Wachovia Bank is the corporate trustee.

On April 6, 2005, Wachovia Bank signed the Client Agreement (the "Agreement")

in which it agreed to purchase John Hancock life insurance policies for the French Trust from

Wachovia Insurance Services, Inc., Wachovia Securities, and the Wachovia Insurance Services Agency (collectively the "Wachovia Affiliates"). The Wachovia Affiliates are affiliates with Wachovia Bank. The John Hancock policies replaced the Pacific Life and Prudential policies that the French Trust had previously held.

Paragraph 6 of the Agreement provides that disputes between Wachovia Bank and the Wachovia Affiliates are to be decided by arbitration:

> It is agreed that all controversies or disputes which may arise between Client and Wachovia . . . concerning any transaction or the construction, performance or breach of this Agreement, including any controversy concerning whether an issue is arbitrable, shall be determined by arbitration conducted before, and only before, an arbitration panel . . . .

The question before the Court is whether this arbitration provision applies to the Plaintiffs' claims.

According to the Complaint, Wachovia Bank breached its fiduciary duty of loyalty by engaging in impermissible self-dealing when managing the French Trust. Specifically, the Plaintiffs claim that Wachovia Bank had an obligation to first obtain a waiver of conflict from James French before purchasing insurance from its affiliates. The Plaintiffs also allege that Wachovia Bank violated its fiduciary duty because the purchase of the John Hancock policies was not a reasonable and prudent business practice. And finally, the Plaintiffs allege that Wachovia Bank, "directly or indirectly through its affiliate," violated section 100.18 of the Wisconsin Statutes by using false or misleading information to induce the Plaintiffs to approve the purchase of the John Hancock policies. (Compl. ¶ 52.)

2

The Federal Arbitration Act ("FAA") provides for a stay of proceedings and for an order compelling arbitration where the arbitration clause is a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. §§ 2, 3. A district court "must refer a dispute to an arbitrator 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Alliedsignal, Inc. v. B.F. Goodrich Co.*, 183 F.3d 568, 572-73 (7th Cir. 1999), *quoting Mathews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995).

The Plaintiffs allege that they are not bound by the arbitration clause because they are not signatories of the Agreement. Indeed, the arbitration clause expressly applies to disputes between the "Client and Wachovia." The "Client" in the Agreement is referred to as Wachovia Bank, acting as the trustee of the French Trust, while "Wachovia" refers to the Wachovia Affiliates.

However, Wachovia Bank argues that the agreement to arbitrate by a trustee is binding upon the beneficiaries of the trust. In support of its proposition, Wachovia Bank relies upon *Bird v. Shearson Lehman*, 871 F.2d 292 (2d Cir. 1989), *vacated on other grounds*, 493 U.S. 884 (1989), in which the Second Circuit held that the trustee "could bind all participants and beneficiaries of the Trust to arbitration . . . ." *Id.* at 295. In *Bird*, the beneficiaries and the trustee sued the investment firm with which the trustee agreed to arbitrate. The beneficiaries

3

here, though, are not suing their brokerage firm, but rather they are suing their trustee, Wachovia Bank. Thus, the Plaintiffs argue that *Bird* is inapposite.

The difficulty is that this case presents the unique situation where the trustee and the brokerage firm are essentially the same entity. Wachovia Bank executed the Agreement with its affiliates. The question, therefore, is whether the Plaintiffs' claims are challenging the acts of Wachovia Bank as trustee of the French Trust, which would distinguish this matter from *Bird*, or are rather directed at Wachovia Bank's affiliates concerning their brokerage services.

The Plaintiffs' first claim ("Count I") is directed at Wachovia Bank as the trustee of the French Trust. The Plaintiffs allege that Wachovia Bank breached its fiduciary duty of loyalty by engaging in self-dealing and also its fiduciary duty to reasonably administer the trust. Wisconsin law recognizes these as valid claims that beneficiaries may raise against a trustee. *See Zastrow v. Journal Communications, Inc.*, 291 Wis.2d 426, 444 (2006); *Sensenbrenner v. Sensenbrenner*, 76 Wis.2d 625, 635 (1977). Certainly, Wachovia Bank cannot now force the beneficiaries to arbitrate their claim against Wachovia Bank for impermissible self-dealing with its affiliates on the basis of an arbitration agreement between Wachovia Bank and its affiliates. If Wachovia Bank could bind the beneficiaries in such a way, a trustee could force beneficiaries to arbitrate their claims against their trustee without the beneficiaries ever expressly agreeing to do so. Accordingly, the Plaintiffs' claim that Wachovia Bank violated its fiduciary duties as trustee of the French Trust is not arbitrable.

4

However, the Plaintiffs' second claim for relief ("Count II") is directed at the Wachovia Affiliates for their brokerage services. Count II alleges that Wachovia Bank, "directly or indirectly through its affiliate," used untrue, deceptive, or misleading information to induce the purchase of the John Hancock policies in violation of section 100.18 of the Wisconsin Statutes. (Compl. ¶ 52.) Wachovia Affiliates conducted the alleged deception by providing James French illustrations about the value of the John Hancock policies that were misleading. (Compl. ¶ 22.) This allegation, unlike Count I, is not claiming that Wachovia Bank mismanaged the French Trust or violated its fiduciary duties as trustee. Rather, it is directed at the Wachovia Affiliates concerning their involvement in the purchase of the John Hancock policies. This allegation, therefore, is covered by the arbitration provision. That is to say, the Court is unable to determine with "positive assurance that the arbitration clause is not susceptible of an interpretation that covers" Count II of the Complaint. *Mathews*, 72 F.3d at 53.

Because at least one issue is arbitrable, the Court must stay this proceeding pending arbitration of Count II. *See C. Itoh & Co. (America) Inc. v. Jordan Intern. Co.*, 552 F.2d 1228, 1230-32 (7th Cir. 1977).

5

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wachovia Bank's Motion to Compel Arbitration and Stay Proceedings (Docket No. 3) is **GRANTED**. This proceeding is **STAYED** until after the Plaintiffs and Wachovia Bank complete arbitration of Count II of the Complaint.

The clerk is directed to close this case for administrative purposes only.

Dated at Milwaukee, Wisconsin this 21st day of March, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**