# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN FRENCH, DAVID FRENCH,
JEANNA FRENCH, PAULA FRENCH
VAN AKKEREN,

                        **Plaintiffs,**

v.                                                      **Case No. 06-C-869**

WACHOVIA BANK, NATIONAL
ASSOCIATION,

                        **Defendant.**

## DECISION AND ORDER

On March 21, 2007, the Court stayed this action until after the parties completed arbitration. The Plaintiffs subsequently filed a motion to lift the stay and amend the complaint, which the Court will grant.[1]

Brian French, David French, Jeanna French, and Paula French Van Akkeren (collectively the "Plaintiffs") filed a complaint (the "Complaint") against Wachovia Bank, National Association ("Wachovia Bank"). According to the Complaint, James French established the James French Irrevocable Trust of 1991 Nos. 1 and 2 (collectively the

---

[1] The Plaintiffs also filed a motion for substitution of counsel. Wachovia Bank did not respond, so the motion shall be granted.

-1-

"French Trust"). The Plaintiffs are the sole beneficiaries of the French Trust, and Wachovia Bank is the corporate trustee. Acting as trustee, Wachovia Bank executed the Client Agreement (the "Agreement") in which it agreed to purchase John Hancock life insurance policies for the French Trust from Wachovia Insurance Services, Inc., Wachovia Securities, and the Wachovia Insurance Services Agency (collectively the "Wachovia Affiliates"). The Wachovia Affiliates are affiliates with Wachovia Bank.

The Complaint raised two claims. In Count I, the Plaintiffs alleged that Wachovia Bank breached its fiduciary duty by engaging in self-dealing with its affiliates and by failing to reasonably administer the trust. In Count II, the Plaintiffs contended that Wachovia Bank "directly or indirectly through its affiliate" violated Wisconsin Statute § 100.18 by using untrue, deceptive, or misleading information to induce the purchase of certain insurance policies.

Wachovia Bank moved to stay this action and compel arbitration pursuant to the arbitration clause in the Client Agreement. The Court found that only Count II was arbitrable. Accordingly, the Court stayed this action until after the parties completed arbitration of Count II.

Instead of pursuing arbitration, the Plaintiffs decided to drop Count II altogether. They filed a motion for leave to file an amended complaint (the "Amended Complaint") that eliminates Count II. Because only the non-arbitrable count remains, the Plaintiffs also move to lift the stay.

-2-

Wachovia Bank never filed a responsive pleading to the original Complaint. Thus, as a matter of course, the Plaintiffs may amend their Complaint. *See* Fed. R. Civ. P. 15(a). Even if they could not file an amended complaint as a matter of course, justice requires that leave be freely given here. The Amended Complaint does not prejudice Wachovia Bank in anyway; it actually removes a cause of action against it.

As the Court already ruled, the only remaining claim is not arbitrable. Accordingly, the stay must be lifted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' Motion to Lift Stay and Amend Complaint (Docket No. 24) is **GRANTED**. The stay is hereby **LIFTED**. Wachovia Bank has until **November 13, 2007**, to file a responsive pleading to the Amended Complaint.

The Plaintiffs' Motion for Substitution of Counsel (Docket No. 23) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 23rd day of October, 2007.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**