# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN FRENCH,
DAVID FRENCH,
JEANNA FRENCH,
PAULA FRENCH VAN AKKEREN,

    Plaintiffs,

v.                                    Case No. 06-CV-869

WACHOVIA BANK NA,

    Defendant.

## ORDER

On July 14, 2006, plaintiffs Brian French, David French, Jeanna French, and Paula French Van Akkeren filed a complaint in the Circuit Court of Sheboygan County against the defendant, Wachovia Bank NA. The defendant filed a Notice of Removal on August 14, 2006. According to the amended complaint, the plaintiffs are the sole beneficiaries of a trust fund which is serviced by the defendant. The plaintiffs assert that the defendant breached its fiduciary duty to the plaintiffs in the course of servicing this trust fund. In addition, the plaintiffs assert that the defendant engaged in untrue, deceptive, or misleading trade practices in violation of Wis. Stat. § 100.18.

This case is assigned to United States District Judge Rudolph T. Randa, who referred this case to this court for resolution of the defendant's pre-trial discovery motions upon the request of the parties. The defendant has filed two expedited discovery motions: (1) a motion to compel the plaintiffs to respond to interrogatories, and (2) a motion to compel the plaintiffs

to produce a computation of damages. (Docket ##82 and 84, respectively). On June 23, 2010, the court conducted a telephone conference with the parties on the pending motions. This order formalizes the oral decision issued at the telephone conference. The parties are advised that Judge Randa has agreed to the amended schedule set forth herein.

## **MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

The defendant asserts that the plaintiffs' responses to Interrogatories #1, #5, and #6, are inadequate. In addition, the defendant asserts that the plaintiffs have failed to adequately supplement the responses despite repeated correspondence between the parties on this issue. The plaintiffs disagree, maintaining that their responses to Interrogatories #1 and #5 are sufficient, and that Interrogatory #6 is improper because it is too broad, vague, and is unduly burdensome.

Interrogatory #1 asked the plaintiffs to "[i]dentify each error in the John Hancock policy illustrations as alleged in Paragraph 22 of the Amended Complaint." (Wachovia Bank's Civil L.R. 7(h) Expedited Non-Dispositive Motion to Compel Plaintiffs to Produce Responses to Interrogatories [Motion to Compel 1] at 2). Interrogatory #5 asked the plaintiffs to "[i]dentify all misleading statements in the illustrations as alleged in Paragraph 25 of the Amended Complaint." Id. Interrogatory #6 asked the plaintiffs to "[i]dentify all communications between James French (including his agents, representatives and attorneys) and the Trust beneficiaries related to or reference [sic] the 1035 exchange, the policies involved in the exchange, and/or Wachovia Insurance Services or its agents and representatives." Id.

After hearing the arguments of the parties regarding these interrogatories, the court concluded that the plaintiffs' initial and supplemental responses to Interrogatories #1 and #5 did not adequately provide the information requested in the interrogatories. The plaintiffs

- 2 -

referenced their expert report in their supplemental responses to Interrogatories #1 and #5[1]. Referring to a multiple page report does not constitute a proper response to an interrogatory. It is not the defendant's duty to sift through an expert report in an attempt to glean the information sought in the interrogatory. Therefore, the plaintiffs must respond to each interrogatory and identify the errors in the John Hancock policy illustrations and the misleading statements in the policy illustrations as alleged in paragraphs 22 and 25 of the amended complaint.

With respect to Interrogatory #6, the court concluded that the information requested fails to include a specific time period and is overly broad. Based on the discussion during the hearing, the defendant was directed to clarify the information requested and for what specific time period. The defendant is to provide the revised interrogatory to the plaintiff by June 25, 2010.

## **MOTION TO COMPEL COMPUTATION OF DAMAGES**

The plaintiffs set forth five categories of damages they are seeking in the amended complaint. In their initial disclosures, the plaintiffs set forth six categories of damages they are seeking. In response to several follow-up requests from the defendant for a complete computation of damages, the plaintiffs stated that they estimate their damages to be approximately five to seven million dollars. The defendant asserts that this estimate of damages is very generalized and does not provide the amount of damages for each category of damages the plaintiffs are seeking.

---

[1] Plaintiffs' Supplemental Responses to the Defendant's Second Set of Discovery Requests indicates that the expert report is attached. See Exhibit A to Nicole M. Moen's Declaration in Opposition to the Motion to Compel Responses to Interrogatories at 2. However, the expert report was not attached to the documents filed with this court.

- 3 -

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that a party seeking damages must disclose to the other party "a computation of each category of damages claimed," as well as any unprivileged documents or evidentiary material "bearing on the nature and extent of injuries suffered." The requirements of Rule 26(a)(1)(A)(iii) are clear. The plaintiffs must set forth a computation of the damages they maintain they have sustained for each category of damages they are claiming. Merely referencing an expert report does not comport with the requirement or the spirit of Rule 26(a)(1)(A)(iii). Therefore, the court concluded that the plaintiffs must provide a computation of each category of damages to the defendants.

In its motions, the defendant also seeks orders compelling the plaintiffs to pay the defendant's reasonable expenses in bringing these motions, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Although the court found the responses inadequate, the plaintiffs did submit responses and supplemental responses to Interrogatories #1 and #5. As to Interrogatory #6, the court found that it was overly broad and needed to be further clarified. Under the circumstances, the court concluded that the defendant's requests for awards of costs and fees should be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to compel plaintiffs' responses to interrogatories be and hereby is **granted** with respect to Interrogatories #1 and #5. The plaintiffs must provide complete responses to Interrogatories #1 and #5 on or before **July 8, 2010**. (Docket #82).

**IT IS FURTHER ORDERED** that the defendant must provide the plaintiffs with an amended Interrogatory #6 that complies with this order on or before **June 25, 2010**.

**IT IS FURTHER ORDERED** that the defendant's motion to compel a computation of damages be and hereby is **granted.** The plaintiffs must provide a full and complete computation of damages by category to the defendant on or before **July 8, 2010**. (Docket #84).

**IT IS ALSO ORDERED** that the defendant's requests for awards of costs and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(B) be and hereby are **denied**.

**IT IS FURTHER ORDERED** that the Scheduling Order entered April 22, 2010, is amended to accommodate this order as follows:

1. On or before **August 16, 2010**, the plaintiffs shall notify the defendant of any rebuttal expert witnesses the plaintiffs may call at trial, and shall submit with that notice a report containing all the information that the defendant could obtain under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure through the use of interrogatories, or the plaintiffs will be barred from calling such rebuttal witnesses as experts at trial.

2. On or before **August 16, 2010**, the defendant shall notify the plaintiffs of any rebuttal expert witnesses the defendant may call at trial, and shall submit with that notice a report containing all the information that the plaintiffs could obtain under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure through the use of interrogatories, or the defendant will be barred from calling such rebuttal witnesses as experts at trial.

3. Depositions of rebuttal experts shall be completed by **September 15, 2010**.

4. All remaining dates and provisions in Judge Randa's April 22, 2010, Scheduling Order shall remain in effect. (Docket #80).

Dated at Milwaukee, Wisconsin this 29<u>th</u> day of June, 2010.

                                                         BY THE COURT:

                                            <u>   s/ Patricia J. Gorence   </u>
                                              PATRICIA J. GORENCE
                                             United States Magistrate Judge