# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BRIAN FRENCH, DAVID FRENCH,
JEANNA FRENCH and
PAULA FRENCH VAN AKKEREN,

          Plaintiffs,

                                    **Case No. 06-C-869**

    -vs-

WACHOVIA BANK, NATIONAL ASSOCIATION,

          Defendant.

## DECISION AND ORDER

This matter comes before the Court on the plaintiffs' motion to complete the deposition of Steven Schumacher. Mr. Schumacher is the life insurance sales person who originated and executed the surrender of two life insurance policies held in the James L. French Irrevocable Trust of 1991 in exchange for two replacement policies through the defendant's affiliate, Wachovia Insurance Services, Inc. Plaintiffs originally deposed Mr. Schumacher in Tampa, Florida on January 13, 2011. The deposition ran from 9:28 a.m. to 6:35 p.m.. Excluding breaks, Mr. Schumacher spent eight hours and two minutes on the record.

Depositions are normally limited to 7 hours. "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(2), in turn, requires the limitation of discovery if (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source

that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiffs argue that they need 3.5 more hours because Mr. Schumacher was evasive and had long delays before answering questions, which slowed the pace of the deposition to a crawl. The defendant argues that Schumacher was not being evasive; he merely had difficulty remembering the details of events that occurred 6 years ago. No matter the reason, Schumacher's conduct in response to questioning is a circumstance that impeded or delayed the examination. Plaintiffs suggest at least two other areas of questioning for Mr. Schumacher that they need to complete. Even though the proposed examination subjects were covered to some extent, the Court trusts that further questioning will not be cumulative or duplicative. In light of the importance of Mr. Schumacher's testimony, a key witness to the transactions underlying plaintiffs' claims, the burden or expense of another half-day deposition does not outweigh the likely benefit of further examination. Instead of traveling to Tampa, defendant's counsel has the option to appear telephonically or by videoconference.

Also before the Court are motions to seal various documents filed by both parties in connection with their cross-motions for summary judgment. Both parties want to keep a wide swath of documents completely[1] under seal – briefs, proposed findings of fact, affidavits and declarations. Aside from invoking the protective order adopted in this case, neither party offers any justification for keeping these documents under seal. A protective

---

[1] The Committee Comment to the Local Rules provides that counsel "may, and in most circumstances should, submit a redacted version of the document, with a separate request to seal the portions containing confidential information." General L.R. 79(d) (E.D. Wis.) Plaintiffs specifically disavow this option in their motion.

order does not and cannot grant a "virtual carte blanche to either party to seal whatever portions of the record the party want[s] to seal. . . . The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir 1999). The parties' conduct in this case is "presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

        **NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

        1.    Plaintiffs' motion to complete the deposition of Steven Schumacher [D. 119] is **GRANTED**;

        2.    The pending motions to seal [D. 126, D. 128] are **DENIED**. The Clerk of Court is directed to unseal the following documents: D. 140, D. 141, D. 142, D. 143, D. 144 and D. 145.

        Dated at Milwaukee, Wisconsin, this 10th day of March, 2011.

                        **BY THE COURT:**

                        **s/ Rudolph T. Randa**
                        **HON. RUDOLPH T. RANDA**
                        **U.S. District Judge**