# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

BRIAN FRENCH,
DAVID FRENCH,
JEANNA FRENCH and
PAULA FRENCH VAN AKKEREN,

          Plaintiffs,

          Case No. 06-C-869

  -vs-

WACHOVIA BANK, NATIONAL ASSOCIATION,

          Defendant.

---

# DECISION AND ORDER

---

On July 6, 2011, the Court issued an order granting Wachovia Bank, National Association's ("WBNA") motion for summary judgment and denying the plaintiffs' motion for partial summary judgment. *French v. Wachovia Bank*, — F. Supp. 2d —, 2011 WL 2649985 (E.D. Wis. July 6, 2011). The plaintiffs, beneficiaries of the James French Trust, claimed that WBNA engaged in unauthorized self-dealing and breached its fiduciary duties when it exchanged two whole life insurance policies for two "no lapse" insurance policies. The Court disagreed, finding that WBNA was authorized to execute the exchange, that the exchange was executed in good faith, and that the exchange was a prudent investment. WBNA now moves for an award of non-taxable costs ($44,432.81) and attorney's fees ($630,741.77) pursuant to Federal Rule of Civil Procedure 54(d)(2). For the reasons that follow, this motion is granted.

Nontaxable costs and attorney's fees are recoverable on a motion under Rule 54(d)(2), which "creates a procedure but not a right to recover attorneys' fees." *MRO Comm'n, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). The "reference in Rule 54(d)(2) to another source of authority is consistent with the general federal caselaw rule that there is no fee or cost shifting except as authorized by statute or rule." *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995). When the district court is exercising subject matter jurisdiction over a state law claim, so long as state law "does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975). Thus, the Court must look to Wisconsin law to determine whether WBNA is entitled to an award of nontaxable costs and attorney's fees.

Wisconsin law recognizes that the "counsel fees of trustees, acting in good faith, and costs taxed against them as well, were always payable out of the trust fund, because of the injustice of making them bear the expense, personally, of matters done honestly, in a representative capacity." *Estate of Cole*, 78 N.W. 402, 406 (Wis. 1899). The general rule is that the trustee "is entitled to reimbursement for all necessary expenditures, 'if the services were performed to preserve, protect or administer the fund under [his] control.'" *McGeogh Bldg. Co. v. Dick & Reuteman Co.*, 40 N.W.2d 577, 579 (Wis. 1949) (internal citation omitted). As explained by Judge Learned Hand, when the "trustee's administration of the assets is unjustifiably assailed it is a part of his duty to defend himself, for in so doing he is

-2-

realizing the settlor's purpose. To compel him to bear the expense of an unsuccessful attack would be to diminish the compensation to which he is entitled and which was a part of the inducement to his acceptance of the burden of his duties." *Weidlich v. Comley*, 267 F.2d 133, 134 (2d Cir. 1959). The rule logically extends to the situation at bar, where the trustee successfully defended himself against a claim for breach of fiduciary duty. *In re Hammes*, No. 80-341, 1981 WL 138699, at *5 (Wis. Ct. App. Apr. 27, 1981) (citing Swarthout, *Allowance of attorneys' fees in, or other costs of, litigation by beneficiary respecting trust*, 9 A.L.R. 2d 1132 (1950); *Andrist v. First Trust Co. of St. Paul*, 260 N.W. 229 (Minn. 1935); G. Bogert, *Trusts and Trustees*, § 871, pp. 102-06 (2d ed. 1962)).

In its summary judgment ruling, the Court found that WBNA was authorized to engage in a self-interested transaction. "It is hard to imagine how the authorization to self-deal could be described more clearly." *French* at *10; D. 182, July 6 Decision and Order at 20. The Court also found that WBNA acted in good faith when it executed the 1035 Exchange. "The undisputed facts reflect that WBNA acted in the best interests of the trusts, not that it pursued the exchange just for the commission." *Id.* at *13; Decision and Order at 25. Finally, the Court found that the exchange was a prudent investment for the trust. *Id.* at *14; Decision and Order at 27. Therefore, WBNA was acting in good faith by defending actions that were taken in the best interests of the trust.

The plaintiffs argue that fees should be denied because WBNA was only defending its $500,000 commission, not creating a benefit for the trust or defending the trust from an unjust claim. However, as the Court observed in its summary judgment ruling, the exchange

-3-

was a prudent investment for the trust, and it cannot be deemed otherwise through the plaintiffs' "desire or purported need to take the only action that would prevent the policies from maturing into a good investment." *French* at *14; Decision and Order at 27. Thus, WBNA was performing a service for the benefit of the trust by defending the propriety of the 1035 Exchange. "The argument is that these expenses were incurred in the defendant's individual interest, and may not be charged against the trust. That completely misses the true situation: a trustee was appointed to administer the assets; the settlor selected him to do so, and whatever interferes with his discharge of his duty pro tanto defeats the settlor's purpose." *Weidlich*, 267 F.3d at 134. The Court may award fees when "the plaintiff's attack on the trustee's administration proved baseless and the trustee's resistance was justified." *Id.* at 135.

Typically, an award of fees is paid out of the trust, but WBNA requests an order that the fees be paid directly by the plaintiffs. "There is no room for doubt that an equity court may, under extraordinary circumstances, impose upon the defeated plaintiff in an equity case, the entire cost of defense notwithstanding statutory limitations upon costs to be taxed at law." *Cleveland v. Second Nat. Bank*, 149 F.2d 466, 469 (6th Cir. 1945) (citing *Sprague v. Taconic Bank*, 307 U.S. 161 (1939) and *Guardian Trust Co. v. Kansas City So. R. Co.*, 28 F.2d 233, 245 (8th Cir. 1928)). This concept "may be invoked against one of the parties as 'fair justice' to the other will permit, and . . . the allowance of such costs in appropriate situations is part of equity jurisdiction of which the federal courts were given cognizance ever since the

first Judiciary Act, 1 Stat. 73, consisting of that body of remedies, procedures, and practices which theretofore had been evolved in the English Courts of Chancery." *Id.*

The equities of this case favor an assessment of fees and costs against the individual plaintiffs. The plaintiffs already dragged WBNA through years of costly litigation, only to have the case dismissed on summary judgment. If the Court did not impose fees directly on the plaintiffs, WBNA would be forced to engage in separate litigation to recover its fees from the trust. This would only multiply costs and delay the inevitable. How much delay is hard to predict, but given the background of this case, the Court thinks it would be lengthy. Moreover, the plaintiffs are of substantial means, and the successor trustee already agreed to reimburse the plaintiffs for their own attorneys' fees. The plaintiffs can determine the proper allocation of the instant fee award amongst themselves and the successor trustee.

The Frenches do not oppose the amount of costs and fees requested by WBNA. The Court finds that the hours worked and the hourly rates claimed by WBNA are reasonable. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion for leave to file a sur-reply [D. 206] is **GRANTED**; and

2. WBNA's motion for an award of non-taxable costs and attorney's fees [D. 185] in the total amount of **$675,174.58** is **GRANTED**, which amount can be recovered directly from the plaintiffs.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2011.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**